# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

PHILLIPS 66 COMPANY,

    **Plaintiff,**

    v.

DAVID GEORGE, MICHAEL GEORGE, GREGORY GUSTIN, and THE GEORGE IRREVOCABLE TRUST,

    **Defendants.**

Case No. 16-CV-2814-JAR

## DEFAULT JUDGMENT

Before the Court is Plaintiff Phillips 66 Company's ("Phillips 66") Motion for Default Judgment (Doc. 42) and Amended Motion for Default Judgment (Doc. 52). Phillips 66 seeks payment from the remaining Defendant in this action, The George Irrevocable Trust ("Trust"), pursuant to a Corporate Guaranty signed by the Trust on behalf of Gas-Mart USA, Inc. For the reasons below, the Court finds that default judgment should be entered in favor of Phillips 66 against the Trust, and that Phillips 66 should be awarded fees and costs as set forth below.

**I.    Factual and Procedural Background**

Phillips 66 filed its Complaint in this matter on December 14, 2016, against David George, Michael George, Gregory Gustin, and The George Irrevocable Trust, alleging breach of contract and failure to fully pay all amounts owed under the Defendants' guaranties of Gas-Mart USA, Inc.'s indebtedness to Phillips 66. On February 23, 2017, Phillips 66 voluntarily dismissed Defendants David George and Michael George and issued summons to Gregory Gustin and the Trust. On February 24, 2017, Phillips 66 personally served the Trust through its agent, David George, and service was returned executed on March 2, 2017. A Clerks Entry of Default was

entered as to the Trust on March 29, 2017,[1] and on July 13, 2018, Phillips 66 filed a Motion for Default Judgment.[2] The Court conducted a damages hearing on November 6, 2018. At the hearing, the Court admitted into evidence Phillips 66's attorneys' billing records and granted Phillips 66 leave to amend the damages requested in its original Complaint. Phillips 66 filed its Amended Complaint on November 30, 2018,[3] and the Trust's time to answer or otherwise respond has expired. The Court entered a Clerks Entry of Default as to the Amended Complaint on January 7, 2019.[4]

**I.  Standard**

Following entry of default, Fed. R. Civ. P. 55(b)(2) allows the court to enter default judgment. Under federal law, once default is entered, the defendant is not entitled to defend itself on the merits.[5] Default judgment may only be entered against defendants whom the court determines are not minors or incompetent persons.[6] As there is no evidence in the record that Defendant—a trust—is a minor or an incompetent person, the Court may enter default judgment against it. Default judgment only establishes liability; it does not establish the amount of damages.[7] The factual allegations in the complaint relating to the amount of damages are not taken as true.[8] Rather, "[d]amages may be awarded only if the record adequately reflects the

---

[1] Doc. 12.

[2] Doc. 42.

[3] Doc. 48.

[4] Doc. 53.

[5] *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1125 & n.11 (10th Cir. 2003) (citing *Jackson v. FIE Corp.*, 302 F.3d 515, 524 (5th Cir. 2002)) (other citations omitted), *cert. denied*, 540 U.S. 1089 (2003).

[6] Fed. R. Civ. P. 55(b).

[7] *See, e.g. Hermeris, Inc. v. McBrien*, No. 10-2483-JAR, 2012 WL 1091581, at *1 (D. Kan. Mar. 30, 2012*); DeMarsh v. Tornado Innovations, L.P.*, No. 08-2588-JWL, 2009 WL 3720180, at *2 (D. Kan. Nov. 4, 2009).

[8] *See, e.g., Kalinich,* 2014 WL 3740439, at *1 (citing *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3rd Cir. 1990); *Beck v. Atl. Contracting Co.*, 157 F.R.D. 61, 64 (D. Kan. 1994) (citation omitted), *superseded by statute on other grounds as recognized by Cessna Fin. Corp. v. VYWB, LLC*, 982 F. Supp. 2d 1226, 1233 (D. Kan. 2013).

basis for [the] award via a hearing or a demonstration by detailed affidavits establishing the necessary facts."[9]

The case is before the Court on diversity jurisdiction. The Trust Guaranty provides that the law of the State of Texas, without regard to that state's choice of law principles, applies.[10] Accordingly, the Court will apply Texas law.

**II.  Damages**

In its Complaint, Phillips 66 prayed for $3,942,580.75 in damages. At the hearing on November 6, the Court orally granted Phillips 66's Motion for Leave to Amend the Complaint to remove a consignment credit of $241,687.76, which was related to Gas-Mart's start-up costs. On November 30, 2018, Phillips 66 filed an Amended Complaint, which removed the credit. The damages prayed for in the Amended Complaint are as follows:

> Promissory Note $1,918,053.62
> Trade A/R $185,715.64
> BIP Long Term Quarterly Rebate $346,343.05
> BIP Upfront Payments $1,558,772.78
> BIP Frontload Rebate $135,953.53
> Image Removal Charges $30,551.00
> Verifone Equipment Charges $730.66
> Mystery Shopper Program Charges $1,855.00
> Credit Card Fees $5,431.92
> Credit Card Chargeback Fees $72.42
> Credit Card Shortfall/Adjustment ($511.93)
> Heritage Excise Tax $1,245.82
> Traditional Monthly Dial Fees $55.00
> **TOTAL: $4,184,268.51**

Phillips 66 has presented the following evidence to support its claim for damages:

- Exhibit A: Declaration of Chad Cunningham

---

[9] *Mathiason v. Aquinas Home Health Care, Inc.*, 187 F. Supp. 3d 1269, 1275 (D. Kan. 2016) (quoting *DeMarsh*, 2009 WL 3720180, at *2).

[10] Doc. 1-6 ¶ 11.

3

- Exhibit A-1: Branded Reseller Agreement dated effective March 1, 2013
- Exhibit A-2: Term Promissory Note, dated July 1, 2015
- Exhibit A-3: Personal Guaranty executed by Gregory Gustin, dated March 26, 2006
- Exhibit A-4: Demand Letter to Gregory Gustin, dated December 30, 2015
- Exhibit A-5: Corporate Guaranty executed by The Trust, dated April 30, 2015
- Exhibit A-6: Demand Letter to The Trust, dated December 8, 2015
- Exhibit 1: Order from the Western District of Missouri, Gas-Mart USA, Inc. Chapter 11 Proceeding
- Exhibit 2: Phillips 66 Proof of Claim in Gas-Mart USA, Inc. Chapter 11 Proceeding

Based on the exhibits attached to the motion for default judgment, the evidence presented to the Court at the November 6 hearing, and the supplemental evidence of the bankruptcy proof of claim provided to the Court on November 30, 2018, the Court finds that Phillips 66 is entitled to damages of $4,184,268.51, which was due to Phillips 66 based on the Trust's Guaranty.

### III. Prejudgment Interest

The parties' contract does not provide for prejudgment interest, but Phillips 66 argues that prejudgment interest is warranted under Texas law. If prejudgment interest is not specifically contracted for, Texas law recognizes two additional sources: 1) an enabling statute and 2) general principles of equity.[11] The statutory provisions only apply to wrongful death,

---

[11] *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.,* 962 S.W.2d 507, 528 (Tex. 1998)).

personal injury, and property damage cases.[12]  Accordingly, the Court considers whether Plaintiff is entitled to prejudgment interest based on equitable principles.[13]

The Texas Supreme Court stated that prejudgment interest compensates for "lost use of money due as damages during the lapse of time between the accrual of the claim and the date of judgment;" it is not a penalty or fine.[14]  The purpose of prejudgment interest is to encourage "expedited settlements and trials" and remove "incentives for defendants to delay without creating such incentives for plaintiffs."[15]  At the hearing conducted on November 6, 2018, Phillips 66 offered two reasons to support their contention that prejudgment interest is warranted in this case: 1) an award of prejudgment interest is equitable because the Trust would owe interest to Phillips 66 if they were making payments as required by the contract; and 2) the 16-month delay between the clerk's entry of default and the motion for default judgment was because Phillips 66 was litigating against the other remaining Defendant in the case.  The Court agrees that under the contract, Defendants would owe interest on the debt payments, weighing in favor of an award.  Further, Phillips 66 explained that all Defendants in this case are interrelated, two of them are brothers, and that all parties have known for a number of years that Phillips 66 is pursing the debt.  The Court finds that the delay between the Clerk's entry of default and Phillip 66's motion for default judgment is justified in light of the other proceedings in this case, particularly given the interrelated nature of the defendants.

---

[12] Tex. Fin. Code § 304.102.

[13] *JPMorgan Chase Bank, N.A. v. Prof'l Pharmacy II*, No. 02-11-00373-CV, 2014 WL 7473779, at *24 (Tex. Ct. App. Dec. 31, 2014) (holding "the decision to award prejudgment interest is left to the sound discretion of the trial court, which should rely upon equitable principles and public policy in making this decision.").

[14] *Id*.

[15] *Johnson & Higgins of Tex., Inc.*, 962 S.W.2d at 532.

If a Court awards prejudgment interest under equitable principles, the interest accrues beginning on the earlier of 1) 180 days after the date a defendant receives written notice of a claim against it, or 2) the date the suit was filed.[16] This rule applies regardless of whether the award is pursuant to the finance code or common law.[17] Under Texas law, if a contract does not provide the rate of prejudgment interest, the statutory rate applies.[18] The Texas Finance Code provides that the statutory rate will be the greater of the prime rate or 5.00%.[19] The current federal post-judgment rate is 2.50%;[20] accordingly, an interest rate of 5.00% is appropriate. The Court grants prejudgment interest under equitable principles at a rate of 5.00%, beginning 180 days from December 8, 2015, the date the demand letter was sent to the Trust.

**IV.   Post-judgment Interest**

Post-judgment interest accrues on the entire amount of the judgment.[21] As discussed above, the post-judgment interest rate when the applicable contract does not provide the rate is the greater of the prime rate or 5.00% annually.[22] Accordingly, post-judgment interest of 5.00% is appropriate, beginning on the date this judgment is rendered and ending on the date this judgment is satisfied.[23]

---

[16] Tex. Fin. Code § 304.104; *Johnson & Higgins of Tex., Inc.*, 962 S.W.2d at 531.

[17] *Johnson & Higgins of Tex., Inc.,* 962 S.W.2d at 531–32.

[18] *Id*. at 532; *see also Meridien Hotels, Inc. v. LHO Fin. P'ship I, L.P.*, 255 S.W.3d 807, 825 (Tex. Ct. App. 2008) (applying Tex. Fin. Code § 304.003 when the contract does not provide a prejudgment interest rate).

[19] Tex. Fin. Code § 304.003(c).

[20] 28 U.S.C. § 1961.

[21] Tex. Fin. Code § 304.003(a).

[22] Tex. Fin. Code § 304.003(c).

[23] Tex. Fin. Code § 304.005.

## V. Attorneys' Fees

"As a general rule, litigants in Texas are responsible for their own attorney's fees and expenses in litigation."[24] "Under Texas law, a court may award attorney's fees only when authorized by statute or by the parties' contract."[25] In Section 2 of the Corporate Guaranty, the Trust agreed to

> pay the Beneficiary's reasonable costs and expenses, including reasonable attorney's fees, incurred by the Beneficiary to collect the Guaranteed Obligations or to enforce any of its rights hereunder; provided, however, that such costs and expenses shall be payable by the Guarantor only to the extent the Beneficiary is successful in enforcing this Guarantee.

"Guaranteed Obligations" is a term defined by the Trust Guarantee: "The Guarantor unconditionally and absolutely guarantees . . . the payment of all monies owed by the Debtor to the Beneficiary that become due and payable in accordance with the terms of the Transactions or Agreements."

Accordingly, under the terms of the Guaranty, the Court must look to the Debtor's contract to determine the "monies owed by the Debtor to the Beneficiary." In Gas-Mart's contract with Phillips 66, the parties provided for attorneys' fees in Section 25:

> In the event either party to this Agreement retains counsel and/or institutes a lawsuit for violation of or to enforce any of the covenants, obligations and/or conditions of this Agreement . . . the prevailing party shall be entitled to all of its costs, expenses and reasonable attorneys' fees *incurred in connection therewith*.[26]

Phillips 66 is the prevailing party in this lawsuit. Accordingly, the only issue is the extent of the attorneys' fees Phillips 66 is entitled to collect. Generally, "a party seeking attorney's fees

---

[24] *Ashford Partners, Ltd. v. ECO Res., Inc.,* 401 S.W.3d 35, 41 (Tex. 2012).

[25] *Peterson Grp., Inc. v. PLTQ Lotus Grp., L.P.*, 417 S.W.3d 46, 60 (Tex. Ct. App. 2013) (citing *MBM Fin. Corp. v. Woodlands Operating Co.,* 292 S.W.3d 660, 669 (Tex. 2009)).

[26] Doc 43-1 ¶ 25 (emphasis added).

not only has a duty to segregate nonrecoverable fees from recoverable fees, but it must also segregate the fees owed by different parties."[27] When attorneys' fees are contracted for, however, the Court will "ascertain the intention of the parties as expressed in the instrument."[28] "A guarantor's liability is measured by the principal's liability unless a more extensive or more limited liability is expressly provided for in the guaranty."[29]

In this case, the Trust guaranteed "all monies owed by [Gas-Mart] to [Phillips 66] that become due and payable," which under Gas-Mart's contract included all "reasonable attorneys' fees incurred in connection therewith." Under the explicit terms of the contract, the Trust guaranteed the debt owed by Gas-Mart, as well as all reasonable attorneys' fees and costs connected therewith in collecting the debt, which became due and payable under the contract when this Court found Phillips 66 to be the prevailing party in this lawsuit. Accordingly, under the terms of Gas-Mart's contract, pursuant to the Trust's Guaranty, Phillips 66 is entitled to collect all monies owed by Gas-Mart, including attorneys' fees and costs.

Notably, the principal's contract assesses attorneys' fees beginning when either party "retains counsel." Similarly, the Guaranty provides for all attorneys' fees incurred "to collect the Guaranteed Obligations." The contracts do not limit recovery from the time the lawsuit was filed. Consequently, Phillips 66 is entitled to attorneys' fees from the time they retained counsel so long as the fees sought by Phillips 66 are "reasonable."

---

[27] *Top Pearl, Ltd. v. Cosa Freight, Inc.,* No. CIV.A. H-10-1249, 2013 WL 5575878, at *3 (S.D. Tex. Oct. 9, 2013); *see also Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 10–11 (Tex. 1991) (holding that if some defendants settle, the remaining defendants may not be assessed fees attributable to settling defendants).

[28] *Fortitude Energy, LLC v. Sooner Pipe LLC*, No. 01-17-00501-CV, 2018 WL 4129941, at *12 (Tex. App. Aug. 30, 2018).

[29] *W. Bank-Downtown v. Carline*, 757 S.W.2d 111, 113 (Tex. Ct. App. 1988).

In *Arthur Andersen & Co. v. Perry Equipment Corp.*, the Texas Supreme Court articulated eight non-exclusive factors for establishing reasonable attorneys' fees:

> 1) the time and labor required; the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly; 2) the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer; 3) the fee customarily charged in the locality for similar legal services; 4) the amount involved and the results obtained; 5) the time limitations imposed by the client or by the circumstances; 6) the nature and length of the professional relationship with the client; 7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and 8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.[30]

"Sufficient evidence includes, at a minimum, evidence 'of the services performed, who performed them and at what hourly rate, when they were performed, and how much time the work required."[31] The Court has considered the Affidavit of John G. George, Jr., which includes a summary of who performed the tasks, their years of experience, their hourly rate, and the total number of hours worked. Further, Phillips 66's counsel provided the Court with the detailed billing records of the case. The Court finds that the billing rates charged are reasonable for both Harris County and Jackson County, and the activities detailed in the billing records were reasonable and necessary. Accordingly, Plaintiff's request for $79,833.50 in attorneys' fees and $965.20 in litigation expenses is granted.

**IT IS THEREFORE ORDERED BY THE COURT** that Phillips 66's Amended Motion for Default Judgment (Doc. 52) is **granted**. Phillips 66's Original Motion for Default Judgment (Doc. 42) is **denied as moot**.

---

[30] 945 S.W.2d 812, 818 (Tex. 1997) (citing Tex. Disciplinary R. Prof'l Conduct 1.04).

[31] *Long v. Griffin*, 442 S.W.3d 253, 255 (Tex. 2014) (quoting *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 764 (Tex. 2012)).

**IT IS SO ORDERED.**

Dated: January 8, 2019

                                            S/ Julie A. Robinson
                                            JULIE A. ROBINSON
                                            CHIEF UNITED STATES DISTRICT JUDGE